**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Van Cole, | No. CV-26-02247-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Newrez LLC, et al., | |
| Defendants. | |

On April 2, 2026, this Court issued the following Order regarding the request for injunctive relief:

Defendant removed this case to federal court on April 2, 2026. In violation of Local Rule Civil 3.6(b), Defendant did not include the entire state court record. As a result, this Court has been unable to review all prior filings in this case.

As far as the Court can ascertain, a Trustee sale of Plaintiff's property was set for March 24, 2026. (Doc. 1-3 at 131). On March 20, 2026, Plaintiff filed a motion for temporary restraining order and preliminary injunction in superior court. (Doc. 1-3 at 134). It appears that the superior court granted a temporary restraining order on March 23, 2026. (*Id.*). It further appears that a hearing on the motion for preliminary injunction was set in superior court for April 3, 2026, at 11:00 a.m. (*Id.*).

Because the Court does not have the full record, or a copy of the pending motion, the Court cannot proceed with the hearing as scheduled. As a result,

**IT IS ORDERED** that the Temporary Restraining Order entered by the Superior Court Judge is extended until it is vacated by this Court.

**IT IS FURTHER ORDERED** that the hearing set for April 3, 2026, at 11:00 a.m. is vacated.

**IT IS FURTHER ORDERED** that Defendant must comply with Local Rule 3.6(b) in full by April 9, 2026.

(Doc. 5).

On April 9, 2026, Defendant filed the full state court record. (Doc. 6). This Court's review of the record reveals that no motion for preliminary injunction was ever filed in Superior Court; instead, Plaintiff filed only an ex parte motion for temporary restraining order. (Doc. 6-1 at 136). This Court cannot issue a preliminary injunction ex parte. *See* Fed. R. Civ. P. 65.

The state court record shows that the Superior Court used the granting of the ex parte temporary restraining order as a basis to require Defendants to show cause why a preliminary injunction should not issue. (Doc. 6-1 at 174). However, the burden of showing a preliminary injunction should issue is always on the party seeking the injunction. *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

Because there is no motion for preliminary injunction (with notice) pending, technically there is nothing for this Court to rule on at this time. However, it is clear that Plaintiff intended to seek injunctive relief for the duration of this case. It is also clear that the Superior Court intended the temporary restraining order to remain in place only until a preliminary injunction could be considered. Thus, the Court will require Plaintiff to file a motion for preliminary injunction as specified below.

Plaintiff is cautioned that Federal Rule of Civil Procedure 65 typically requires that a bond be posted. Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). The Court notes that the Superior Court waived the bond requirement for the temporary restraining order. This Court is unlikely to reach the same conclusion if the Court grants a preliminary injunction that would remain in place for the duration of this case. Thus, if Plaintiff moves for a preliminary injunction as specified below, Plaintiff must propose a bond amount.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff has until April 20, 2026, to file a motion for

- 2 -

preliminary injunction.  If Plaintiff fails to file a motion for preliminary injunction by April 20, 2026, the temporary restraining order issued by the Superior Court will automatically dissolve, without further Order of this Court, on April 21, 2026.

**IT IS FURTHER ORDERED** that if Plaintiff files a motion for preliminary injunction by April 20, 2026, Defendant shall respond to the motion within 7 days of when it is filed.

**IT IS FURTHER ORDERED** that if Plaintiff files a motion for preliminary injunction by April 20, 2026, the temporary restraining order issued by the Superior Court will remain in effect until this Court rules on the motion for preliminary injunction.[1]

**IT IS FURTHER ORDERED** that because the Order of April 2, 2026, which was mailed to Plaintiff, was returned as undeliverable, the Clerk of the Court shall, in addition to mail, email a copy of this Order to Plaintiff at: thelegendcoalition@gmail.com. Plaintiff is cautioned that it is his responsibility to have a current address with the Court and the Court will not take extra steps to provide him with notice in the future.

Dated this 9th day of April, 2026.

James A. Teilborg
Senior United States District Judge

---

[1] This Order is without prejudice to Defendants seeking relief under Federal Rule of Civil Procedure 65(b)(4).

- 3 -