**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Van Cole, | No. CV-26-02247-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Newrez LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant Newrez LLC's Motion to Dismiss. (Doc. 9). Pro se Plaintiff Julian Van Cole failed to respond. Also pending before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 10). The Court will grant Defendant's Motion to Dismiss (Doc. 9) and deny Plaintiff's Motion for Preliminary Injunction (Doc. 10) as moot.

## I.    BACKGROUND

Defendant Newrez is the servicer on a home loan executed by Plaintiff. (Doc. 1-3 at 6 ¶ 2). Plaintiff defaulted on his loan around March 2025, and Defendant notified Plaintiff that he was in default around March 21, 2025 (Doc. 1-3 at 10 ¶¶ 13–14). On December 12, 2025, a Notice of Trustee's Sale was recorded, setting a foreclosure sale for March 24, 2026. (Doc. 1-3 at 14–15 ¶ 18).

On March 20, 2026, Plaintiff filed a 21-count complaint in the Maricopa County Superior Court against Defendant Newrez and Does 1–5. (Doc. 1-3). Plaintiff also filed a motion for temporary restraining order and preliminary injunction in superior court. (Doc.

6-1 at 136). The superior court granted a temporary restraining order and set a hearing for April 3, 2026. (Doc. 6-1 at 172–74).

On April 2, 2026, Defendant removed this case to federal court. (Doc. 1). This Court ordered Plaintiff to file a motion for preliminary injunction by April 20, 2026. (Doc. 8).

On April 15, 2026, Defendant filed a Motion to Dismiss (Doc. 9). Plaintiff did not respond. On April 20, 2026, Plaintiff filed a Motion for Preliminary Injunction (Doc. 10). Defendant responded (Doc. 16).

## II. DISCUSSION

Local Rule of Civil Procedure ("Local Rule") 7.2(c) provides that the party opposing a motion shall file a responsive memorandum within 14 days. LRCiv 7.2(c). Local Rule 7.2(i) instructs that if a party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "*Pro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.2d 896 (9th Cir.2012); *see also Ghazali*, 46 F.3d at 54 ("*pro se* litigants are bound by the rules of procedure").

After Defendant filed a Motion to Dismiss and Plaintiff filed a Motion for Preliminary Injunction, Defendant requested an extension of time to respond to Plaintiff's Motion for Preliminary Injunction. (Doc. 12). The Court's April 29, 2026 Order (Doc. 13) granted Defendant's request for extension of time. In that Order, the Court specifically indicated that the Order "does not extend Plaintiff's deadline to respond to Defendant's motion to dismiss, which remains May 4, 2026." (Doc. 13 at 2). Further, the Court noted that "Plaintiff is cautioned that failing to timely respond to the motion to dismiss may be deemed to be consent to the motion being granted." (Doc. 13). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

"Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first three factors weigh in favor of dismissal. The Court explicitly put Plaintiff on notice that he was required to respond to Defendant's Motion to Dismiss, and that a failure to respond could result in dismissal. (Doc. 13 at 2). Plaintiff was given ample time to respond to the Motion to Dismiss, but he did not respond or provide any reasons for his failure to do so. Moreover, when Plaintiff's mail was returned as undeliverable, the Court ordered that a copy of its Order be emailed to Plaintiff, but cautioned Plaintiff that "it is his responsibility to have a current address with the Court and the Court will not take extra steps to provide him with notice in the future." (Doc. 8 at 3). Plaintiff did not update his address. (*See* Docs. 14, 15); *see Carey v. King*, 856 F.2d 1439, 1440 -1441 (9th Cir. 1988) ("Additional prior notice of imminent dismissal would be a futile gesture, given that the district court's prior mailing to [plaintiff] was returned as undeliverable."). If the Court were to determine that one or more of Plaintiff's claims could not be dismissed and this case proceeded to a Rule 16 conference, the Court is doubtful as to Plaintiff's continued active participation in this case. It would unnecessarily waste the Court's and the Defendant's time and resources to move this case forward without Plaintiff's participation.

Moreover, Defendant would suffer prejudice if the Court allowed Plaintiff's claims to go forward because the resolution of this case presents a barrier to Defendant's ability to proceed with a foreclosure sale. Defendant has indicated that the foreclosure sale has not yet occurred (Doc. 16 at 3), and the Court previously ordered that the temporary restraining order issued by the superior court will remain in effect until this Court rules on the motion for preliminary injunction. (Doc. 8 at 3).

Although public policy favors disposition on the merits, Plaintiff's failure to

respond serves to defeat this goal. *See Smith v. Hewitt Assocs., LLC*, No. CV 12-780-TUC-CKJ (BPV), 2013 WL 1151573, at *1 (D. Ariz. Feb. 28, 2013), report and recommendation adopted, 2013 WL 1151499 (D. Ariz. Mar. 20, 2013); *Martinez v. Transamerica Corp.*, No. CV-19-04830-PHX-DJH, 2019 WL 13197048, at *2 (D. Ariz. Oct. 22, 2019). Consideration of Defendant's Motion to dismiss on the merits would require the Court to consider arguments on Plaintiff's behalf that he has not himself made. The fourth factor thus weighs in favor of dismissal.

Finally, as to the fifth factor, Plaintiff's failure to respond to Defendants' Motion despite the Court's express warning of the consequences of such action supports the conclusion that imposition of less drastic sanctions would not be beneficial. *See Henderson*, 779 F.2d at 1424 (affirming dismissal where the plaintiff failed to meet deadlines despite the court's express warning of consequences); *Martinez*, 2019 WL 13197048, at *2.

Upon consideration of the *Ghazali* factors, the Court finds that dismissal with prejudice is the appropriate sanction. Because Plaintiff failed to respond to Defendant's Motion to Dismiss, the Court will construe this as consent to granting the motion. Because the case is dismissed, Plaintiff's Motion for Preliminary Injunction (Doc. 110) is denied as moot.

**III.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Newrez LLC's Motion to Dismiss (Doc. 9) is **GRANTED**. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 10) is **DENIED**.

Dated this 14th day of July, 2026.

James A. Teilborg
Senior United States District Judge

- 4 -